UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re<br><br>NATTEL, LLC,<br>     Debtor.<br>_____<br><br>NATTEL, LLC,<br>     Plaintiff,<br><br>     v.<br><br>OCEANIC DIGITAL COMMUNICATIONS, INC., ODC ST. LUCIA LIMITED, PCI HOLDINGS LTD., OCEANIC DIGITAL JAMAICA LIMITED, S.A.C. CAPITAL ADVISORS, LLC, S.A.C. CAPITAL MANAGEMENT, LLC, S.A.C. CAPITAL ASSOCIATES, LLC, AMÉRICA MÓVIL S.A.B. de C.V., and THE BANK OF NEW YORK MELLON CORPORATION,<br>     Defendants. | Chapter 11<br>Case No. 06-50421 (AHWS)<br><br><br>Adv. Proc. No. 07-05037<br><br>Civil No. 3:07mc285 (SRU) |

**RULING AND ORDER ON MOTION**
**TO WITHDRAW THE REFERENCE**

**I.      Introduction and Background**

     NatTel LLC ("NatTel") is a limited liability company organized under the laws of the State of Delaware. NatTel is the debtor and debtor-in-possession in a voluntary bankruptcy proceeding filed under title 11 of the United States Code (the "Bankruptcy Code"), styled *In re NatTel, LLC*, Case No. 06-50421 (AHWS) (Bankr. D. Conn. 2006), which was commenced on October 6, 2006.  (Defendants' Reply, doc. # 18, Ex. A, Complaint, at 2 ¶ 1.)

     Movants are the defendants to an adversary proceeding, Adv. Proc. No. 07-05037, filed by NatTel in its bankruptcy case on September 21, 2007. They include Oceanic Digital Communications, Inc. ("ODC"), ODC St. Lucia Limited ("ODSL"), PCI Holdings LTD.,

Oceanic Digital Jamaica Limited, S.A.C. Capital Advisors LLC, S.A.C. Capital Management LLC, S.A.C. Capital Associates LLC, América Móvil S.A.B. de C.V., and the Bank of New York Mellon Corporation.  (doc. # 18, Ex. A, at 2-4 ¶¶ 2-8.)

Defendant Oceanic Digital Communications, Inc. ("ODC") is an international business company organized under the laws of the Bahamas.  NatTel owns 667 shares in ODC.  (doc. # 18, Ex. A, at 2 ¶¶ 1-2.)  Defendants' represent that NatTel owns just over six percent of the shares of ODC.  (doc. #18, at 14 n.5.)

Defendants S.A.C. Capital Advisors LLC and S.A.C. Capital Management LLC are limited liability companies organized under the laws of the State of Delaware, and defendant S.A.C. Capital Associates LLC is a limited liability company organized under the laws of Anguilla.  (S.A.C. Capital Advisors LLC, S.A.C. Capital Management LLC, and S.A.C. Capital Associates LLC are hereinafter collectively referred to as "S.A.C. Capital.")  S.A.C. Capital is a $14 billion hedge fund, and is the majority and controlling shareholder of ODC.  S.A.C. Capital is virtually the sole source of capital for the ODC Defendants, having issued "loans" to them totaling $125 million since the inception of the ODC Defendants.  (doc. # 18, Ex. A, at 3 ¶ 6.)

The parties have a history of litigation and arbitration proceedings that predate NatTel's bankruptcy case.  *See NatTel, LLC v. SAC Capital Advisors*, No. 3:04cv1061 (JBA), 2005 U.S. Dist. LEXIS 20179. (D. Conn. Sept. 16, 2005), *aff'd*, No. 05-5419-cv (L), 05-5908-cv (XAP), 2006 U.S. App. LEXIS 9460 (2d Cir. Apr. 12, 2006).  The details of that litigation history are not relevant to the present motion, except to the extent discussed below.

NatTel filed an adversary proceeding in the bankruptcy court upon learning of a contemplated business transaction that could alter the value of its interest in ODC.  The

relationship of the parties is as follows:  NatTel and the S.A.C. Defendants own just over ninety-two percent of ODC, which owns 100% of ODSL, which owns 99.9% of ODJ.  (doc. # 18, Ex. A, 9-10 ¶ 32.)  NatTel argues that the contemplated transaction will divest ODJ of all its assets, with the proceeds from that transaction inuring entirely to the S.A.C. Defendants rather than pro-rata to the S.A.C. Defendants and NatTel, and that the transaction would render NatTel's interest in ODC worthless.  (doc. # 18, Ex. A.)

NatTel's complaint in the adversary proceeding seeks the following relief:  declaratory judgment of the value of NatTel's interest in ODC (doc. # 18, Ex. A, at 13-14 ¶¶ 50-56); recharacterization of an asset, from debt to equity (doc. # 18, Ex. A at 14-19 ¶¶ 57-93); and the imposition of a constructive trust to manage an asset (doc. # 18, Ex. A at 19-20 ¶¶ 94-104).

Pursuant to 28 U.S.C. § 157(d), the SAC Defendants move to withdraw the reference (doc. # 1) of the adversary proceeding to the United States District Court for the District of Connecticut.  For the reasons that follow, that motion is **DENIED**.

## II. Discussion

Federal bankruptcy law provides that "the district court may withdraw, in whole or in part, any case or proceedings referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d) (2007).  Section 157(d) does not define the term "cause."  *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

In the Second Circuit, district courts must undertake a two-step analysis to determine whether to withdraw a reference from the bankruptcy court.  First, the courts consider "whether the claim is core or non-core."  *Id.*  This first evaluation determines the relevance of parties' jury trial rights" because a bankruptcy court may hold a jury trial for a core claim, but not for a non-

core claim. *See id.* Second, courts "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.*

Section 157(b)(2) provides a nonexhaustive list of core proceedings, including (A) "matters concerning the administration of the estate" and (O) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." The Second Circuit has held that "whether a contract proceeding is core depends on (1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization. The latter inquiry hinges on 'the nature of the proceeding.'" *In re U.S. Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999). Additionally, "[p]roceedings can be core by virtue of their nature if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings . . . or (2) the proceedings directly affect a core bankruptcy function." *Id.* "The bankruptcy court has core jurisdiction over claims arising from a contract formed post-petition under § 157(b)(2)(A)." *Id.* at 637-38.

The legislative history of Section 157 "indicates that Congress intended that 'core proceedings' would be interpreted broadly, close to or congruent with constitutional limits" established by *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1398 (2d Cir. 1990) (quoting *In re Arnold Print Works, Inc.*, 815 F.2d 165, 168 (1st Cir. 1987) (Breyer, J.)).

The adversary proceeding at issue on this motion is a core proceeding. By filing the adversary proceeding, NatTel seeks relief in the form of adjudication regarding an asset, its


core claim. *See id.* Second, courts "weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Id.*

Section 157(b)(2) provides a nonexhaustive list of core proceedings, including (A) "matters concerning the administration of the estate" and (O) "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." The Second Circuit has held that "whether a contract proceeding is core depends on (1) whether the contract is antecedent to the reorganization petition; and (2) the degree to which the proceeding is independent of the reorganization. The latter inquiry hinges on 'the nature of the proceeding.'" *In re U.S. Lines, Inc.*, 197 F.3d 631, 637 (2d Cir. 1999). Additionally, "[p]roceedings can be core by virtue of their nature if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings . . . or (2) the proceedings directly affect a core bankruptcy function." *Id.* "The bankruptcy court has core jurisdiction over claims arising from a contract formed post-petition under § 157(b)(2)(A)." *Id.* at 637-38.

The legislative history of Section 157 "indicates that Congress intended that 'core proceedings' would be interpreted broadly, close to or congruent with constitutional limits" established by *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). *In re Ben Cooper, Inc.*, 896 F.2d 1394, 1398 (2d Cir. 1990) (quoting *In re Arnold Print Works, Inc.*, 815 F.2d 165, 168 (1st Cir. 1987) (Breyer, J.)).

The adversary proceeding at issue on this motion is a core proceeding. By filing the adversary proceeding, NatTel seeks relief in the form of adjudication regarding an asset, its

shares in ODC.  That proceeding is fundamentally a matter "concerning the administration of the estate," 28 U.S.C. 157(b)(2)(A), and is a core proceeding to NatTel's bankruptcy case.  The adversary proceeding is also a proceeding "affecting the liquidation of the assets of the estate,"[1] 28 U.S.C. 157(b)(2)(O), and is thus a core proceeding.

Additionally, related factors, including questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, and the prevention of forum shopping weigh in favor of not withdrawing the reference in this matter.  *See In re Orion Pictures Corp.*, 4 F.3d at 1101.  The relief NatTel seeks regarding its interest in ODC, namely, a declaratory judgment of value, recharacterization as equity, and imposition of a constructive trust, are matters about which the bankruptcy court has expertise.  It is familiar with the issues and the parties because it is overseeing NatTel's bankruptcy case.  The most efficient use of the parties' time and resources can be accomplished by determination of the adversary proceeding in the bankruptcy court.  Retaining the claim in bankruptcy court does not encourage forum shopping.  Arguments that NatTel's claims are barred by doctrines of res judicata or collateral estoppel can be made in the bankruptcy court.  Finally, to the extent the proceeding could be construed as non-core and I would have discretion to withdraw this matter to the district court, I decline to exercise it.

---

[1] Although NatTel does not directly own shares in ODJ, it alleges in its complaint that the existence of the entity that does own ODJ shares, ODSL, has been hidden from NatTel.  (doc. # 18, Ex. A, at 10 ¶ 35.)  The code provision defining property of the estate in a bankruptcy proceeding, 11 U.S.C. § 541(a)(1), is interpreted broadly.  *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983).

**III.     Conclusion**

For the reasons detailed above, the motion to withdraw the reference (**doc. # 1**) is

**DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of June 2009.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge