**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re | |
| | |
| NATTEL, LLC, | Chapter 11 |
|       Debtor. | Case No. 06-50421 (AHWS) |
| _____ | |
| | |
| NATTEL, LLC, | Adv. Proc. No. 07-05037 |
|       Plaintiff, | |
| | Civil No. 3:07mc285 (SRU) |
|       v. | |
| | |
| OCEANIC DIGITAL | |
| COMMUNICATIONS, INC., ODC ST. | |
| LUCIA LIMITED, PCI HOLDINGS LTD., | |
| OCEANIC DIGITAL JAMAICA LIMITED, | |
| S.A.C. CAPITAL ADVISORS, LLC, S.A.C. | |
| CAPITAL MANAGEMENT, LLC, S.A.C. | |
| CAPITAL ASSOCIATES, LLC, AMÉRICA | |
| MÓVIL S.A.B. de C.V., and THE BANK OF | |
| NEW YORK MELLON CORPORATION, | |
|       Defendants. | |

**RULING ON MOTIONS TO RECONSIDER**
**AND FOR CERTIFICATE OF APPEALABILITY**

**I.    Introduction and Background**

The facts of this case are discussed at length in my prior ruling (doc. # 23). NatTel LLC

("NatTel") is the debtor and debtor-in-possession in a voluntary bankruptcy proceeding filed

under title 11 of the United States Code (the "Bankruptcy Code"), styled *In re NatTel, LLC*, Case

No. 06-50421 (AHWS) (Bankr. D. Conn. 2006), which was commenced on October 6, 2006.

Oceanic Digital Communications, Inc. ("ODC"), ODC St. Lucia Limited ("ODSL"), PCI

Holdings LTD., Oceanic Digital Jamaica Limited, S.A.C. Capital Advisors LLC, S.A.C. Capital

Management LLC, S.A.C. Capital Associates LLC, América Móvil S.A.B. de C.V., and the Bank

of New York Mellon Corporation are the defendants in an adversary proceeding, Adv. Proc. No.

07-05037, filed by NatTel in its bankruptcy case on September 21, 2007.

S.A.C. Capital Advisors LLC, S.A.C. Capital Management LLC, and S.A.C. Capital Associates LLC (collectively, "S.A.C. Capital") have moved, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration (doc. # 25) of my ruling and order denying their motion to withdraw the reference to the adversary proceeding to the United States District Court for the District of Connecticut. ODC, ODSL, PCI Holdings LTD., and Oceanic Digital Jamaica Limited have filed a motion to join (doc. # 29) S.A.C. Capital's motion. The motion to join (**doc. # 29**) is **GRANTED**. The motion for reconsideration (**doc. # 25**) is **DENIED** for the reasons that follow.

ODC, ODSL, PCI Holdings LTD., and Oceanic Digital Jamaica Limited have moved, pursuant to Federal Rule of Civil Procedure 60(b), for reconsideration (doc. # 27) and have moved for a certificate of appealability (doc. # 31). S.A.C. Capital has moved to join (doc. # 30) the motions for reconsideration and for appeal. The motion to join (**doc. # 30**) is **GRANTED**. The motion for reconsideration (**doc. # 27**) and for a certificate of appealability (**doc. # 31**) are **DENIED** for the reasons that follow.

Because the motions to join are granted, I review the motions for reconsideration together, then the motion for a certificate of appealability.

## II.      Motion for Reconsideration

### A.      Standard of Review

Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Local Rule 7(c) requires that on a motion for reconsideration, counsel set forth the "matters or controlling decisions which counsel believes the Court overlooked" in the prior ruling.

The standard for granting a motion for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

B.      Discussion

Defendants do not point to any facts that the court overlooked in reaching its decision, nor to new evidence that was not previously available. Defendants have not identified any changes in controlling law, nor any controlling law the court did not consider, nor any clear error by the court. Defendants have identified an ambiguity in the opinion, which I clarify.

Defendants argue that under 28 U.S.C. § 157(e), a bankruptcy judge may not conduct a jury trial without the express consent of the parties, and because they do not consent to a jury trial before the bankruptcy judge, the proceeding must be removed to the District Court. (SAC Mot., doc. #26, at 2.) That argument begs the question: are the defendants entitled to a jury trial?

The Seventh Amendment right to trial by jury attaches to cases in which legal claims are asserted. *Chauffers, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 564-65 (1990).

"The appropriateness of removal of the case to a district court for trial by jury, on asserted

Seventh Amendment grounds, will become a question ripe for determination if and when the

case becomes trial ready." *O'Connell v. Terranova (*In re *Adelphi Inst., Inc.)*, 112 B.R. 534, 538

(S.D.N.Y. 1990).

As my prior ruling noted, I do not understand that the adversary proceeding asserts legal

claims that give rise to a jury trial. The defendants' argument that "NatTel cloaks its claims in

the Adversary Proceeding as requests for declaratory and injunctive relief; however, when closely

scrutinized, it is clear that NatTel is seeking monetary damages for purported tortious conduct" is

without merit. My prior ruling noted that the relief NatTel seeks includes "a declaratory

judgment of value, recharacterization [of an asset] as equity, and imposition of a constructive

trust." Simply stated, in this case and on the record before me, the forms of relief requested are

equitable in nature.[1] It was implicit in my prior ruling that I find NatTel is not seeking monetary

damages. If it were, the defendants indeed would have a right to a jury trial and their motion to

withdraw the reference would require less analysis. Because NatTel is not seeking monetary

damages, however, the defendants to the adversary proceeding have no jury trial right and

withdrawal is not mandatory.[2]

Withdrawal of the reference is not mandatory under the statutory scheme of 28 U.S.C. §

---

[1] Although NatTel's complaint in the adversary proceeding somewhat obscures the
central issue by complaining of conduct that is outside the scope of that claim, paragraphs of the
complaint describing NatTel's fears that the contemplated transaction will devalue its asset show
that the adversarial claim is equitable in nature. (*See* Reply, doc. 18, Ex. A, Adversary
Complaint dated Sept. 21, 2007, ¶¶ 39-43, 47-49, 50-56.)

[2] My preliminary determination that the proceeding is "core" did not create a jury trial
right, as the defendants admit. (SAC Mot., doc. # 26, at 7.)

157(d). "Cause" must be shown, and I must consider various discretionary factors in determining

whether to withdraw the reference under § 157(d). Even in a case in which a jury trial right is

clearly established, a district court may conserve judicial resources by permitting the bankruptcy

court to conduct discovery and rule on pre-trial motions; the district court becomes involved, if

necessary, only when it is clear that the case is going to require a jury trial. *See, e.g.*, *Wedtech*

*Corp. v. Banco Popular De Puerto Rico (*In re *Wedtech Corp.*), 94 B.R. 293, 297 (S.D.N.Y.

1988) (denying motion to withdraw reference in a non-core proceeding in which a jury trial right

was established because the case was still at the pretrial stage). Although a court may deny a

motion to withdraw the reference, "[t]he reference will not extend . . . beyond the point where the

matter is ready for trial or dispositive motions, if that eventuality should occur." *See Wedtech*

*Corp.*, 94 B.R. at 297; *Adelphi Inst.*, 112 B.R. at 539 (same); *The United Illuminating Co. v.*

*Enron Power Marketing, Inc.* (In re *Enron Corp.*), 2003 WL 22171695, at *2-3 (S.D.N.Y. 2003)

(same).

Additionally, defendants' contention that I failed to follow the Second Circuit's ruling in

*Orion Pictures Corp. v. Showtime Networks, Inc. (*In re *Orion Pictures Corp.*), 4 F.3d 1095 (2d

Cir. 1993) is unfounded.[3] In my prior ruling, I first identified the statutory requirements that

must be met for a motion to withdraw the reference to be granted. I then identified the factors

that *Orion* indicated a district court should consider in determining whether "cause" to withdraw

---

[3] The defendants appear to argue that because the parties to this case like the parties in
*Orion* had entered a pre-petition contract, the outcome of the cases must be the same. (SAC
Mot., doc. #26, at 8.) The key distinction is that I find that NatTel's claim is not for breach of the
pre-petition contract, but for a judicial determination of the value of a currently-held asset and
judicial oversight of the sale of an asset.

the reference exists.[4]  I addressed those factors and reached my decision in accordance with the established law of the circuit.

The defendants have failed to identify an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Virgin Atlantic Airways*, 956 F.2d at 1255.  Finding no basis on which to grant a motion for reconsideration, it is denied.

The defendants did identify an ambiguity in my prior ruling that I hereby clarify.  As required under *Orion*, I first discussed whether the proceeding was core and determined that it was.  My ruling was made in the alternative, however, and my determination that the proceeding was core was not essential to my holding and should have no res judicata effect on the bankruptcy court's determination of the issue.

## III.    Motion for Certificate of Interlocutory Appealability

Interlocutory appeals are generally disfavored.  They are permitted under the collateral order doctrine, which is an exception to 28 U.S.C. § 1291's finality requirement.  The doctrine permits immediate review of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."  *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).  A District Court may certify interlocutory rulings for immediate appeal under 28 U.S.C. § 1292(b), which provides:

---

[4]  The factors include "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Orion*, 4 F.3d at 1101.

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves
> a controlling question of law as to which there is substantial ground for
> difference of opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation, he shall so state
> in writing in such order.

28 U.S.C. § 1292(b). "For the doctrine to apply, the challenged order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the underlying action; and (3) be effectively unreviewable from a final judgment." *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Failure to meet any of these three elements is fatal. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981). Federal Rule of Appellate Procedure 5(a)(3) allows a District Court to amend a previously issued order to include a section 1292(b) certification "in response to a party's motion."

The defendants' arguments make apparent that the question they want certified for appeal is the question whether the proceeding is core. (ODC Mot., doc. # 28, at 5-20.) As discussed above, although that issue was discussed in the prior ruling, it was not the basis for my ruling and I did not reach a final determination of the issue. My opinion was issued in the alternative – whether the adversary proceeding is core or not, I decline to withdraw the reference because (1) the proceeding seeks adjudication of an asset and defendants have no right to a jury trial and (2) "efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, and the prevention of forum shopping" weighed in favor of not withdrawing the reference. The controlling questions are what type of relief NatTel sought and whether I would withdraw the reference, which I declined to do. Those issues are not appropriate for certification or appeal because neither issue determines in any way the merits of the claims; my ruling merely

determines which court will hear the case.  Accordingly, the motion for certification of appeal is denied.

## IV.    Conclusion

For the reasons detailed above, the motions to join (**docs. ## 29, 30**) are **GRANTED**. The motion for reconsideration (**doc. # 25**), motion to amend/correct (**doc. # 27**), and the motion to certify and for a certificate of appealability (**doc. # 31**) are **DENIED**.  As specifically requested, the motions for reconsideration are denied without prejudice to renewal at the time this matter is trial-ready.  I note that, if the defendants are to succeed on the motion at any time, they must point to evidence or law that shows the relief NatTel seeks is not merely equitable. Although it is apparent the defendants disagree with my ruling, on the present record and according to all evidence available to me now, I find the relief NatTel seeks is equitable in nature.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of July 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge